DEFENDANT

| STATE OF TENNESSEE<br>16th JUDICIAL DISTRICT<br>CHANCERY COURT | **SUMMONS** | CASE FILE NUMBER<br>12CV-1243 |
|---|---|---|

| PLAINTIFF | DEFENDANT |
|---|---|
| Nicholas & Amanda Moore | vs. Liberty Mutual Group, Inc. |

**TO: (NAME & ADDRESS OF DEFENDANT)**

Liberty Mutual Group, Inc.
c/o Corporation Service Company
2908 Poston Avenue
Nashville, TN 37203-1312

List each defendant on a separate summons.

YOU ARE HEREBY SUMMONED TO DEFEND A CIVIL ACTION FILED AGAINST YOU IN CHANCERY COURT, RUTHERFORD COUNTY, TENNESSEE. YOUR DEFENSE MUST BE MADE WITHIN THIRTY (30) DAYS FROM THE DATE THIS SUMMONS IS SERVED UPON YOU. YOU ARE DIRECTED TO FILE YOUR DEFENSE WITH THE CLERK OF THE COURT AND SEND A COPY TO THE PLAINTIFF'S ATTORNEY AT THE ADDRESS LISTED BELOW. IF YOU FAIL TO DEFEND THIS ACTION BY THE ABOVE DATE, JUDGMENT BY DEFAULT CAN BE RENDERED AGAINST YOU FOR THE RELIEF SOUGHT IN THE COMPLAINT.

| Attorney for plaintiff:<br>(Name, address & telephone number)<br><br>T. Chad White<br>315 Deaderick St.<br>Regions Center, Suite 1700<br>Nashville, TN 37238<br>615/244-2770 | DATE ISSUED & ATTESTED<br>8/31/12<br><br>JOHN A. W. BRATCHER, Clerk & Master<br>BY:<br>*Alicia Kanally* (signature)<br>Deputy Clerk & Master |
|---|---|

**NOTICE OF DISPOSITION DATE**

To expedite cases, the Court may take reasonable measures to purge the docket of old cases where the cases have been dormant without cause shown for an extended time.

**CERTIFICATION**

I, John A. W. Bratcher, Clerk and Master of the Chancery Court of Rutherford County, Tennessee, do certify this to be a true and correct copy of the original summons issued in this cause. JOHN A. W. BRATCHER, CLERK AND MASTER.

BY: _____  DEPUTY C & M

| TO THE SHERIFF:<br><br>Please execute this summons and make your return within thirty days of issuance as provided by law. | DATE RECEIVED<br><br>Sheriff |
|---|---|

EXHIBIT A

Submit three copies: service copy, defendant's copy, file copy.    ADA COORDINATOR (615-___)

## RETURN ON PERSONAL SERVICE OF SUMMONS

I hereby certify and return that I served this summons together with the complaint as follows:

| DATE OF PERSONAL SERVICE | Sheriff<br>By: |
|---|---|

## ACCEPTANCE OF SERVICE

I do hereby accept service of process and a copy of this complaint in this cause for all purposes. This the _____ day of _____, 20 ____.

## RETURN ON SERVICE OF SUMMONS BY MAIL

I hereby certify and return that on the _____ day of _____, 20 ____, I sent, postage prepaid by registered return receipt mail or certified return receipt mail, a certified copy of the summons and a copy of the complaint in case # _____ to the defendant _____, on the _____ day of _____, 20 ____. I received the return receipt, which has been signed by _____ on the _____ day of _____, 20 ____. The return receipt is attached to this original summons to be filed by the Chancery Court Clerk & Master.

Sworn to and subscribed before me on this _____ day of _____, 20 _____.

Signature of ☐ Notary Public or ☐ Deputy Clerk

My Commission Expires:

Signature of plaintiff, plaintiff's attorney or other person authorized by statute to serve process.

### NOTICE OF PERSONAL PROPERTY EXEMPTION

TO THE DEFENDANT(S):

Tennessee law provides a four thousand dollar ($4,000.00) debtor's equity interest personal property exemption from execution or seizure to satisfy judgement. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the clerk of the court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed; these include items of necessary wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should any of these items be seized you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer.

Mail list to:    Clerk & Master
                 Room 302, Judicial Building
                 20 Public Square North
                 Murfreesboro, TN 37130

Please state file number on list.

ATTACH
RETURN
RECEIPT
HERE
(IF APPLICABLE)

## IN THE CHANCERY COURT FOR RUTHERFORD COUNTY, TENNESSEE
## SIXTEENTH JUDICIAL DISTRICT AT MURFREESBORO

| | |
|---|---|
| NICHOLAS DWIGHT MOORE and wife, AMANDA MCDANIEL MOORE | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) No. 12CV-1243 ) |
| LIBERTY MUTUAL GROUP, INC., | ) Jury Demand ) |
| Defendant. | ) |

FILED 2012 AUG 31 AM 11:56
JOHN A.W. BRATCHER
CLERK AND MASTER

## COMPLAINT

Nicholas Dwight Moore and wife, Amanda McDaniel Moore ("Plaintiffs"), hereby bring this civil action for breach of contract and bad faith refusal to pay against defendant Liberty Mutual Group, Inc. ("Liberty Mutual") and for this cause of action would show as follows:

### Parties

1. Nicholas Dwight Moore ("Mr. Moore") and Amanda McDaniel Moore ("Mrs. Moore") are residents of Cheatham County and Williamson County, Tennessee, respectively.

2. Upon information and belief, Liberty Mutual is an foreign corporation authorized to conduct business in the State of Tennessee. Liberty Mutual may be served with process in this matter by way of Corporation Service Company, 2908 Poston Avenue, Nashville, Tennessee 37203-1312.

-1-

3. The contract of insurance (the "Policy"), which is the subject of this case, was issued to insure the residential property located in Rutherford County, Tennessee at 5513 Hickory Grove Road (the "Property"), among other things, as further set forth in the Policy.

## Jurisdiction and Venue

4. This Court has subject matter jurisdiction over the controversy between the parties under the provisions of Tenn. Code Ann. § 16-11-101, *et. seq.*

5. Venue properly lies in this Court pursuant to Tenn. Code Ann. § 20-4-101, *et seq.*

## Facts

6. Plaintiffs' Policy, bearing number H37-251-760823-401, commenced coverage on the Property on August 8, 2011.

7. On September 27, 2011, a fire resulted in significant damage to the dwelling located on the Property and the contents located therein.

8. The damage and losses caused by the fire are a covered loss pursuant to the provisions of the Policy.

9. Plaintiff promptly and properly reported the covered loss and related damages to Liberty Mutual and complied with all the applicable conditions and duties required of them pursuant to the Policy.

10. By letter dated August 1, 2012, Liberty Mutual denied coverage in connection with the fire loss on the Property. As of the date of the filing of this Complaint, Liberty Mutual has failed to identify any reason(s) for denying Plaintiffs' fire loss claim.

## Breach of Contract

11. Plaintiffs adopt and incorporate ¶¶ 1-10 above as if fully restated herein.

-2-

12. The Policy that is the subject of this case is a valid, enforceable agreement.

13. The fire that occurred on the Property is a covered loss under the Policy.

14. Liberty Mutual has breached the contract for insurance by failing to pay the amounts due and owing pursuant to the Policy.

15. Plaintiffs have complied with the terms and provisions of the Policy, and no action or inaction by Plaintiffs excuse Liberty Mutual's obligation to pay pursuant to the Policy.

16. Liberty Mutual has a duty to use good faith and fair dealing with the Plaintiff in the performance of Liberty Mutual's duties and obligations under the terms and provisions of the Policy.

17. Liberty Mutual breached the terms of the Policy by failing to pay amounts due thereunder in connection with the fire loss on the Property.

18. Plaintiffs have suffered damages legally caused by Liberty Mutual's breach of contract.

### Bad Faith

19. Plaintiffs adopt and incorporate ¶¶ 1-18 above as if fully restated herein.

20. Tennessee Code Annotated at section 56-7-105 provides that in addition to the amount of the loss and interest thereon, insurance companies doing business in the State of Tennessee shall be liable to policy holders for a sum not to exceed twenty-five percent (25%) on the liability for the loss, when the refusal to pay the loss is not made in good faith.

21. The fire and related damages on the Property are a loss covered under the Policy.

22. Liberty Mutual has wrongfully denied Plaintiffs' claim under the Policy.

23. Liberty Mutual's refusal to pay amounts due pursuant to the Policy for this covered loss has not been made in good faith.

24. Based upon Liberty Mutual's bad faith refusal to pay pursuant to its Policy, Plaintiffs are entitled to recover additional damages not to exceed twenty-five percent (25%) of the damages awarded to Plaintiffs.

### Prayer for Relief

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray:

1. That all necessary and proper process issue and be served upon Liberty Mutual.

2. That a jury consisting of six (6) persons be empaneled to try this case.

3. That upon the trial of this case Plaintiffs recover from Liberty Mutual a judgment in such an amount as the jury finds will reasonably compensate Plaintiffs for their damages legally caused by Liberty Mutual and for pre-judgment interest, trial expenses, and the costs of this cause.

4. That the jury find that Liberty Mutual's refusal to pay Plaintiffs' loss under the Policy was not made in good faith and that as such Plaintiffs be awarded a sum not to exceed twenty-five percent (25%) of the damages awarded to Plaintiffs.

5. That should the jury find that Liberty Mutual acted intentionally or maliciously in its actions or inactions with regard to Plaintiffs' claim under the Policy, then Plaintiffs be awarded a judgment for punitive damages against Liberty Mutual in such an amount as will adequately punish and deter Liberty Mutual from similar wrongful conduct.

6. For other general relief to which Plaintiffs may be entitled under the laws of the State of Tennessee that the Court deems necessary, equitable, or appropriate.

Respectfully Submitted:

TUNE, ENTREKIN & WHITE, P.C.

By: _____
T. Chad White, B.P.R. No. 21950
Regions Center, Suite 1700
315 Deaderick Street
Nashville, TN 37238
615/244-2770 (O); 615-244-2778 (F)
tcw@tewlawfirm.com

Attorneys for Nick and Amanda Moore

STATE OF TENNESSEE RUTHERFORD COUNTY
THE UNDERSIGNED, CLERK AND MASTER OF THE SAID COUNTY AND STATE HEREBY CERTIFIES THAT THE FOREGOING IS A CORRECT COPY OF THIS INSTRUMENT FILED IN THE FOREGOING CAUSE IN THE CHANCERY COURT OF MURFREESBORO, TENNESSEE
THIS 3rd DAY OF Aug 12
JOHN W. BRATCHER, CLERK AND MASTER
BY _____
DEPUTY CLERK AND MASTER

IN THE CHANCERY COURT FOR RUTHERFORD COUNTY, TENNESSEE
SIXTEENTH JUDICIAL DISTRICT AT MURFREESBORO

NICHOLAS DWIGHT MOORE and wife, )
AMANDA MCDANIEL MOORE )
)
    Plaintiffs, )
)
v. )  No. 12CV-1243
)
LIBERTY MUTUAL GROUP, INC., )  Jury Demand
)
    Defendant. )

FILED 2012 AUG 31 AM 11:56
JOHN A.W. BRATCHER
CLERK AND MASTER

## PLAINTIFF NICHOLAS DWIGHT MOORE'S FIRST SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION PROPOUNDED UPON DEFENDANT

Nicholas Dwight Moore ("Mr. Moore") hereby propounds the following interrogatories and requests for production upon Liberty Mutual Group, Inc. ("Liberty Mutual") to be answered under oath and in writing pursuant to the Tennessee Rules of Civil Procedure.

### Instructions and Definitions

1. Scope. These Instructions and Definitions are not intended to broaden or narrow the scope of discovery permitted by the applicable Rules of Civil Procedure. The full text of these Instructions and Definitions are incorporated by reference into all discovery requests propounded in this matter, but shall not preclude: (a) the definition of additional terms specific to the particular litigation; and (b) the use of additional abbreviations that are familiar to the parties or their counsel.

2. Supplementation of Responses. You are hereby reminded of your obligation to supplement or correct your disclosures and responses to these interrogatories and requests for production pursuant to Tenn. R. Civ. Pro. 26.05. Consistent with Tenn. R. Civ. Pro. 26.05, you are advised that counsel for Plaintiffs hereby specifically request supplementation of these discovery requests as such supplementation becomes appropriate.

Case 3:12-cv-01027   Document 1-1   Filed 10/09/12   Page 8 of 20 PageID #: 11

3. **Privilege.** Pursuant to Tenn. R. Civ. Pro. 33.01, for any Interrogatory not answered separately and fully due to some claim of privilege or other objection, state with specificity the reasons for the objection and answer the Interrogatory to the extent same is not objectionable.

4. **Answer.** Answer each Interrogatory separately and fully on the basis of your entire knowledge from all sources and all information in your possession or otherwise available to you, including but not limited to, information from your officers, directors, agents, employees, attorneys, representatives, consultants, subsidiaries, subcontractors, and any other person or entity purporting or authorized to act on your behalf.

5. The following definitions apply to all discovery requests:

   a. **Person.** The term "person" means any natural person as well as any business entity, legal or governmental entity, association and any other private or public entity/organization.

   b. **Concerning.** The term "concerning" means relating to, referring to, describing, evidencing, or constituting.

   c. **Related to.** The term "related to" means directly or indirectly mentioning or describing, pertaining to, or reflecting upon a stated subject matter.

   d. **Communication.** The term "communication" means any oral or written transmittal of information (e.g. facts, ideas, inquiries, opinions, data, or otherwise).

   e. **Document.** The term "document" is defined to be synonymous in meaning and equal in scope to the usage of this term in Tenn. R. Civ. Pro. 34. "Document" shall mean any and all (i) written, printed, typed, recorded, or other graphic matter of any kind; (ii) mechanical, magnetic, digital, and electrical sound recording, including any transcripts thereof; and (iii) computer data files now, or at any time, in the possession, custody, and/or control of a party's officers, directors, employees, servants, agents, and counsel or known by a party to exist. A draft or non-identical copy is a separate document within the meaning of this term.

   f. **Identification or Identity.**

      i. When referring to a <u>natural person</u>, state the person's full name, and any nickname or aliases, and the current or last known address(es), e-mail address(es), and telephone number(s) for such person.

      ii. When referring to a <u>business entity</u>, state the full business entity name and any other names under which it does business, the state of incorporation, the address of its principal place of business, the scope of its involvement in this case, the personnel or representative with whom you dealt, and telephone number.

-2-

iii. When referring to <u>documents</u>, state the type of document, the general subject matter of the document, its date, its author(s), addressee(s) and recipient(s), and its present or last known location or custodian.

g. The terms "Plaintiffs" and "Defendant" as well as a party's abbreviated or full name or a pronoun referring to a party mean the party and, where applicable, its parent, subsidiary, or other related or affiliated organizations, and its officers, directors, employees, consultants, representatives and agents, and all other persons acting or purporting to act on its behalf. Without limiting the foregoing, the following terms shall, for purposes of these discovery requests, have the following meanings: "you" and "your" shall refer to the party to whom these discovery requests are addressed and the party's officers, employees, partners, representatives, agents, predecessors, successors, and assigns.

## Interrogatories

1. With respect to all witnesses whom you expect to call to give expert testimony at the trial of this matter pursuant to Tenn. R. Evid. 702, state the name, address, and telephone number of each such witness; the field in which the witness is to be offered as an expert including a summary of the witness' qualifications within said field; the subject matter on which the witness is expected to testify; the substance of the facts and opinions to which the witness is expected to testify; and a summary of the grounds for each opinion as provided by Tenn. R. Civ. Pro. 26.02(4).

**Answer:**

2. Identify (full name and current or last known address(es), e-mail address(es), and telephone number(s)) every person with personal knowledge of the facts and matters concerning Plaintiffs' application for and issuance of the Insurance Policy covering the

property that is the subject of this case; and for each person identified, provide a detailed description of the facts which the person has knowledge.

**Answer:**

3. Identify (full name and current or last known address(es), e-mail address(es), and telephone number(s)) every person with personal knowledge of the facts and matters concerning the investigation of Plaintiffs' fire loss that is the subject of this case; and for each person identified, provide a detailed description of the facts which the person has knowledge.

**Answer:**

4. Identify (full name and current or last known address(es), e-mail address(es), and telephone number(s)) every person with personal knowledge of the facts and matters concerning the denial of Plaintiffs' fire loss claim that is the subject of this case and the reasons for such denial; and for each person identified, provide a detailed description of the facts which the person has knowledge.

**Answer:**

-4-

5. Identify, with specific reference to the provision(s) of the insurance policy and/or any attendant coverage document(s), every reason Liberty Mutual denied Plaintiffs' claim that is the subject of this case.

**Answer:**

6. To the extent any reason for the denial of Plaintiffs' claim is not based upon a specific provision of the insurance policy and/or any attendant coverage document(s), identify the document(s) supporting such decision, the identification of the preparer and the date of the document(s), and a detailed description of the contents of the document(s).

**Answer:**

7. Identify (full name and current or last known address(es), e-mail address(es), and telephone number(s)) every person with whom Liberty Mutual has spoken concerning the Plaintiffs' insurance policy, the fire loss and investigation thereof, and the decision to deny Plaintiffs' claim; and for each person identified, provide a description of the information shared or matters discussed.

**Answer:**

8. With respect to all witnesses whom Liberty Mutual expects to call to give any fact or lay testimony at the trial of this matter, state the full name and current or last known address(es), e-mail address(es), and telephone number(s) of each such witness; the subject matter on which the witness is expected to testify; the substance of the facts and opinions to which the witness is expected to testify; and a summary of the grounds or personal knowledge for each statement of fact or opinion that the witness intends to make.

**Answer:**

9. To the extent not previously provided in response to these discovery requests, state the full name and current or last known address(es), e-mail address(es), and telephone number(s) of individuals with personal knowledge of the facts and matters pleaded in the Complaint; and for each person identified, provide a description of the facts which the person has knowledge.

**Answer:**

10. Identify each and every coverage category (e.g. clean-up, haul-off, demolition repair, other structures, personal property, etc.) available under Plaintiffs' insurance policy and/or any attendant coverage document applicable to a covered fire loss and state the specific dollar amount / limit associated with each category. Plaintiffs are specifically seeking an itemized list of coverage categories and the amounts / limits associated with each. Plaintiffs are not seeking general references to the Policy and its attendant documents.

**Answer:**




11. To the extent Nationwide contends that Plaintiffs, or any agent thereof, made any statement or admission (adopted, written, or tape-recorded) regarding the facts or allegations made in the Complaint in this case or concerning the fire loss and claim related thereto that provide any claimed basis for the denial of Plaintiffs' claim, describe in detail the contents of each statement, admission, or representation that you contend were made, the date that each statement was made, to whom it was made, and the circumstances surrounding each alleged statement or admission.

**Answer:**

12. State the full name, current (or last known) address, and telephone number each person who prepared, assisted in the preparation of, or provided information of any kind in connection with the preparation of the answers and responses to this First Set of Interrogatories and Requests for Production.

**Answer:**


STATE OF TENNESSEE )
)
COUNTY OF _____ )

I certify that I have read these Answers to Interrogatories and affirm that they are true and correct to my best information, knowledge, and belief.

LIBERTY MUTUAL GROUP, INC.

By: _____
Print Name:_____

Its: _____

Sworn to and subscribed before me at office in _____
on this the _____ day of _____, 20_____.


_____
Notary Public

My commission expires: _____ / _____ / _____

## Instructions and Definitions:
## Requests for Production

1. The full text of the Instructions and Definitions: Interrogatories section above is incorporated herein by reference as if fully set forth herein.

2. Respond to each request utilizing all sources available to you, including but not limited to, your officers, directors, agents, employees, attorneys, representatives, consultants, subsidiaries, and subcontractors.

3. Pursuant to Tenn. R. Civ. Pro. 34, documents produced in response to these requests shall be organized and labeled to correspond with the categories in each request or shall be produced as they are kept in the usual course of business.

4. If any documents requested are no longer in your control or possession, state the reason the document is no longer within your control or possession.

5. If any documents requested are objected to and/or withheld as privileged, state the reasons providing the basis for same and produce or provide for inspection and/or copying the remaining parts pursuant to Tenn. R. Civ. Pro. 34. With respect to documents not produced on the basis of privilege, state in your response to production, for each document, a written statement evidencing: (a) the nature of the document; (b) a brief description of the contents sufficient to allow the Court to rule on a motion to compel; and (c) the author, recipient, sender, and date of the document.

## Requests for Production

1. For each witness identified in Interrogatory 1, produce the data or other information considered by the witness in forming the opinions; every document generated or provided to Liberty Mutual by the expert(s); any exhibits to be used as summary of or support for the opinions; the witness' curriculum vitae; and a listing of any other cases in which the witness has testified as an expert at trial or by deposition within the preceding ten years.

**Response:**

2. Produce a copy of Plaintiffs' application for insurance coverage on the property that is the subject of this case, including all correspondence exchanged between Plaintiffs and any agent or representative thereof and Liberty Mutual and its representatives or agents.

**Response:**

3. Produce a copy of every document produced by Plaintiffs and/or any agent or representative thereof to Liberty Mutual and/or any agent or representative thereof since the effective date of the policy that is the subject of this case, including, without limitation, all documents made exhibits to Plaintiffs' examinations under oath.

**Response:**

4. Produce a copy of every document (e.g. inspection reports / notes, photographs, videos, witness interviews and summaries thereof, investigative reports, running note entries concerning the claim and its investigation, etc.) generated by or prepared for Liberty Mutual in connection with the Plaintiffs' fire loss claim and the investigation thereof.

**Response:**

-10-

5. Produce a copy of every document upon which Liberty Mutual relied in support of its decision to deny Plaintiffs' claim that is the subject of this case.

**Response:**

6. Produce every document referred to, relied upon, or otherwise demonstrates or substantiates your Answer to Interrogatory 6.

**Response:**

7. Produce every document referred to, relied upon, or otherwise demonstrates or substantiates your Answer to Interrogatory 11.

**Response:**

8. Produce any written or tape recorded statements made by any person purporting to be a witness to the facts or other matters alleged in the Complaint facts or otherwise concerning Plaintiffs' fire loss and claim related thereto, whether in your possession or in the possession of your attorney or your agents.

**Response:**

-11-

9. To the extent not otherwise produced in response to these Requests for Production, produce every document, memorandum, photograph, video, note, diary entry, journal entry, log, summary or other recordings created or maintained by Liberty Mutual or its employees, contractors, agents, or other representative concerning Plaintiffs' insurance policy, the fire loss, and claim related thereto.

**Response:**

10. Produce a privilege log with regard to any discovery request that is not being answered on the basis of privilege or otherwise and state with specificity the reasons for the objection.

**Response:**

Respectfully Submitted:

TUNE, ENTREKIN & WHITE, P.C.

By: _____
T. Chad White, B.P.R. No. 21950
Regions Center, Suite 1700
315 Deaderick Street
Nashville, TN 37238
615/244-2770 (O)

Attorneys for Nick and Amanda Moore

-12-

FROM:

**TUNE, ENTREKIN & WHITE, P.C.**
ATTORNEYS AT LAW
REGIONS CENTER SUITE 1700 315 DEADERICK STREET
NASHVILLE, TENNESSEE 37238

TO:

Liberty Mutual Group, Inc.
C/o Corporation Service Company
2908 Poston Avenue
Nashville, TN 37203-1312

7010 2780 0001 2822 7340

CERTIFIED MAIL

Hasler
09/07/2012
US POSTAGE $06.65
ZIP 37238
011D1612237